UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAMMY DETTOR                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:09CV395 DPJ-FKB

STATE OF MISSISSIPPI VETERANS HOME                                    DEFENDANT

ORDER

This employment dispute is before the Court on motion of Defendant for summary

judgment. Plaintiff has responded in opposition, conceding all but her claim of retaliation. The

Court, having considered the memoranda and submissions of the parties and the applicable law,

finds that Defendant's motion should be granted to the extent conceded but denied as to

Plaintiff's retaliation claim.

I.      Facts and Procedural History[1]

Tammy Dettor began work as a Certified Nursing Assistant (CNA) with Defendant

Mississippi State Veterans Home on April 24, 2007. Approximately one month later, Plaintiff

left her employment with Defendant after an alleged verbal altercation with a co-worker.

Compl. ¶ 8. On November 14, 2007, Plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission (EEOC), alleging that she was subjected to harassment

based on race which culminated in her constructive discharge in May 2007. On December 5,

2007, Plaintiff contacted her former employer about being re-hired. She claims that she was told

that she would not be considered for the position because she had filed a complaint with the

EEOC. *Id.* ¶ 13. Plaintiff lodged a second EEOC complaint in April 2008 alleging retaliation,

_____

[1] The facts are gleaned from Plaintiff's Complaint.

and she filed this action in state court in May 2009 alleging race discrimination and retaliation. Defendant removed the case to this court, citing federal question jurisdiction. Defendant's summary judgment motion is now fully briefed, personal and subject matter jurisdiction exist, and the Court is prepared to rule.

II.     Analysis

A.      Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

2

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).

B.     Retaliation

Title VII "prohibits retaliation by employers against employees who have filed a charge of discrimination." *Bryant v. Compass Group USA Inc*., 413 F.3d 471, 475 (5th Cir. 2005) (citing 42 U.S.C. § 2000e-3(a)). A Title VII plaintiff may establish a prima facie case of retaliation through either "direct evidence of retaliation" or "circumstantial evidence creating a rebuttable presumption of retaliation." *Fabela v. Socorro Indep. Sch. Dist*., 329 F.3d 409, 414-15 (5th Cir. 2003). In this case, Defendant premises its motion for summary judgment on Plaintiff's failure to establish a prima facie circumstantial case of retaliation under the *McDonnell-Douglas* burden-shifting analysis. Mem. at 8-9. The argument misses the mark, however, because Plaintiff relies on the direct evidence method of proof.

"Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citation omitted). In the Fifth Circuit, "to qualify as direct evidence of discrimination, an employer's comment 'must be direct and unambiguous.'" *Read v. BT Alex Brown Inc.*, 72 F. App'x 112, 119 (5th Cir. 2003) (citation omitted). Direct evidence of discrimination includes "statements or documents which show on its face that an improper criterion served as a basis . . . for the adverse employment action." *Fabela*, 329 F.3d at 415 (citation omitted).

"If an employee presents credible direct evidence that discriminatory animus at least in part motivated, or was a substantial factor in the adverse employment action, then it becomes the employer's burden to prove by a preponderance of the evidence that the same decision would have been made regardless of the discriminatory animus." *Jones*, 427 F.3d at 992. The direct evidence in this case is the alleged statement by Defendant's Human Resources Director Linda Hodge that Defendant would not re-hire Plaintiff because she "got the EEOC on us." Pl.'s Ex. C. Defendant begrudgingly concedes in rebuttal that Linda Hodge's statement "may be considered direct evidence of retaliation." Rebuttal at 4. The Court agrees. Defendant then advances to the next stage of the analysis and argues that Dettor would not have been re-hired anyway. While many of Defendant's arguments as to why Plaintiff was not re-hired were addressed in the initial motion, the reasons were offered in the context of challenging the existence of a causal connection and adverse employment action, two elements of a circumstantial prima facie case. In short, Defendant limited its motion to the prima facie stage, and it is the practice of "the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted). In addition, a district court may not rely on grounds not advanced by the moving party as a basis for granting summary judgment without giving proper notice to the non-moving party that such grounds will form the basis of the decision. *John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987). Defendant's motion is denied as to Plaintiff's retaliation claim.[2]

---

[2] Even if the Court were to consider Defendant's argument that Plaintiff would not have been re-hired because she "abruptly quit for no valid reason," Rebuttal at 4, a question of fact would preclude summary judgment because Plaintiff testified that one of Defendant's employees

III.    Conclusion

The Court has considered all arguments raised by the parties, but concludes that those not expressly addressed herein would no change the outcome of this order.  Based on the foregoing, Defendant's motion is denied as to Plaintiff's retaliation claim and is otherwise granted as uncontested.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2010.

s/ *Daniel P. Jordan III*____
UNITED STATES DISTRICT JUDGE

---

told her a position was available and invited her to fill out an application.  Pl. Depo. at 27.